## BUD TURNER v. STATE.

No. A-878.   Opinion Filed November 11, 1911.

Appeal from Jackson County Court; W. T. McConnell, Judge.

Bud Turner was convicted of a violation of the prohibition law, and appeals.   Appeal dismissed.

Castleman & Lawson, for plaintiff in error.

Smith C. Matson, Asst. Atty. Gen., for the State.

PER CURIAM.   The plaintiff in error, Bud Turner, was convicted in the county court of Jackson county for a violation of the prohibition law and was, on June 6, 1910, sentenced to serve a term of ninety days in the county jail and to pay a fine of three hundred dollars.   An appeal was attempted to be taken by filing in this court on August 31, 1910, a petition in error with case-made.   The Attorney General has filed a motion to dismiss the appeal for the reasons:   "1.   Because there is no certificate of the trial judge to the pretended case-made filed in this case, this being an attempt to appeal by case-made alone.   2.   Because the judgment in this case was rendered on the 6th day of June, 1910, and said pretended appeal was not filed in this court until the 31st day of August, 1910, more than 60 days after the rendition of such judgment, the trial court not having extended the time beyond the 60 days allowed by law."   We have examined the record and find the motion to dismiss is well taken.   It is therefore ordered that the appeal be, and the same is, hereby dismissed, and the cause remanded to the county court of Jackson county with direction to enforce its judgment therein.

---

## WESLEY NELSON v. STATE.

No. A-884.   Opinion Filed November 11, 1911.

Appeal from Ottawa County Court; W. Y. Quigley, Judge.

Wesley Nelson was convicted of a violation of the prohibition law, and appeals.   Appeal dismissed.

O. F. Mason, for plaintiff in error.

Smith C. Matson, Asst. Atty. Gen., for the State.

PER CURIAM.   Plaintiff in error, Wesley Nelson, was convicted in the county court of Ottawa county for a violation of the prohibition law and was, on July 11, 1910, sentenced to serve a term of six months in the county jail, and to pay a fine of five hundred dollars.   The Attorney General has filed a motion to dismiss the appeal for the following reason:   "Because notice of appeal was not served on the county attorney as required by sec. 6949, Snyder's Stat.   Wherefore the Attorney General says that this court is without jurisdiction in this case, except to dismiss the appeal."   There is nothing in the record which shows that notice of appeal in this case was served upon the prosecuting attorney.   The statute is mandatory and jurisdictional.   In the absence of such notice this court acquires no jurisdiction to entertain the appeal.   The appeal is therefore dismissed.